DECISION AND JOURNAL ENTRY
Richard Chiricosta, Defendant, has appealed from the denial by the Avon Lake Municipal Court of his application to seal the record. We reverse.
On October 13, 1999, Defendant filed an application with the Avon Lake Municipal Court to seal his records pursuant to R.C.2953.52. On October 21, 1999, the State filed an objection to Defendant's motion and a memorandum in support of its objection. Following a hearing, on November 11, 1999, the trial court entered an order that stated "[o]n the basis that court was trial judge and is familiar with testimony given, court denies application to seal records." (Sic) Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The court erred and denied Defendant due process of law when it overruled his motion for sealing of record.
 In his assignment of error, Defendant has alleged that the trial court erred when it denied his motion to seal the records. We agree.
The legislature set forth the procedure through which the courts may seal the record following a dismissal of charges or a finding of not guilty in R.C. 2953.52. Pursuant to R.C. 2953.52:
 (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
* * *
 (B)(1)Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
(2) The court shall do each of the following:
 (a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *;
 (b) Determine whether criminal proceedings are pending against the person;
 (c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
 (3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section of the Revised Code, the proceedings in the case be deemed not to have occurred.
 We review the actions of the trial court under an abuse of discretion standard. State v. Zarbaugh (Aug. 11, 1994), Licking App. No. 94 CA 00018, unreported, 1994 Ohio App. LEXIS 3863, at *2. When reviewing the determinations of the trial court we must look at the "totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily, or unconscionably." Id. at *3.
Defendant was charged with menacing in violation of Avon Lake Ordinance 635.05. Following a jury trial Defendant was found not guilty. While Defendant has alleged that he has no prior offenses or convictions and that he has no pending offenses or criminal proceedings, there is no evidence in the record to confirm or deny the factual accuracy of this allegation.
As stated in R.C. 2953.52(B)(2), the trial court is to consider four separate factors prior to making a determination regarding the sealing of a record. The trial court in its denial makes no indication that it considered any of the mandatory factors nor does it note that it made the required findings with respect to the balancing of interests. Additionally, there is no evidence in the record upon which the trial court could have determined whether Defendant had any prior or pending criminal actions. Therefore, because the trial court failed to note that it engaged in or completed the requisite analysis, this Court is compelled to find that the trial court erred and sustain Defendant's assignment of error. This matter is hereby reversed and remanded to the trial court to comply with the mandates of R.C. 2953.52(B)(2).
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BAIRD, P. J., CARR, J., CONCUR